**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CARLA GWENNETTA ELLIOTT,

        Plaintiff,

vs.                                                       Case No. 3:14-cv-119-J-32JBT

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

        Defendant.

**<u>ORDER</u>**

This case is before the Court on Plaintiff's appeal of an administrative decision denying her application for disability, disability insurance benefits and for supplemental security income under the Social Security Act (Doc. 1). The parties filed briefs and the administrative record and, upon review of these filings, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 20) recommending that the Commissioner's decision be affirmed. Plaintiff filed objections to the Report and Recommendation (Doc. 21) to which the Commissioner responded (Doc. 22). The undersigned then recommitted the matter to the Magistrate Judge for clarification (Doc. 23), which he then provided (Doc. 24). The parties were permitted to file supplemental briefs which plaintiff did (Doc. 26), though the Commissioner did not.

Upon independent review of the file, the Court finds the Commissioner's decision is supported by substantial evidence and rendered in accordance with the law. The ALJ acknowledged Dr. Butler's specific findings, including her view that plaintiff "should be able to complete simple tasks for 6-8 hours in an eight-hour period at an appropriate pace . . ."

See Doc. 12 (Administrative Record) at Tr. 114 (Butler finding); Tr. 67 (ALJ recitation of that finding).  As the Magistrate Judge notes, the meaning of this restriction is ambiguous, leaving some room for interpretation by the ALJ.  See Doc. 20 at 5.  The ALJ stated he gave "great weight" to "the overall conclusions" of Dr. Butler and the other doctors who evaluated plaintiff's mental capacity, noting that none of them found plaintiff to be mentally precluded from performing all work activity.  See Doc. 12 at Tr. 68.

To account for plaintiff's mental deficits, the ALJ included limitations in the hypothetical posed to the vocational expert that were generally consistent with the limitations found by Dr. Butler, asking the vocational expert to consider a position with a low stress environment, no production line, simple tasks, and limited contact with the public.[1]  The ALJ also asked the vocational expert about the number and lengths of breaks permitted during the day, learning that two fifteen minute breaks, one thirty to sixty minute break, and a five to seven minute break every hour would be permitted for the positions the vocational expert found.  Additionally, the lawyer representing plaintiff at the hearing asked the vocational expert whether the number of jobs would be eroded if plaintiff was unable to stay on task 15% of the time.  The vocational expert testified that for the jobs he found, being off task 15% of the time would not be much of a problem.  See Doc. 12 at Tr. 49-53.  Thus, the deficits found by Dr. Butler were sufficiently captured by the limitations posed to the vocational expert, upon whose testimony the ALJ relied in finding that there were a significant number of jobs in the national economy that plaintiff could perform, and that

---

[1] The hypothetical included various physical restrictions as well but those are not at issue.

plaintiff was, therefore, not disabled.

The Court finds the facts here are distinguishable from those in Rosa v. Commissioner, 2012 WL 3041099 (M.D. Fla. 2012) where the ALJ's RFC failed to account for any of the plaintiff's mental deficits at all. Rosa, 2012 WL 3041099, *2. As Judge Kelly noted in Rosa, a finding of "not disabled" at step five means plaintiff has the capacity to work for 8 hours a day, 5 days a week. Id. at *5, citing SSR 96-8p. While the ALJ here did not say specifically where on the 6-8 hour spectrum he thought plaintiff's work ability would fall, he considered plaintiff's reported activities of daily living, the types of treatment she had been receiving, and the reports from medical providers and examiners in reaching his determination that her RFC should include restrictions designed to account for her mental deficits (unlike in Rosa). At the hearing with the vocational expert, the ALJ additionally inquired as to breaks during the day, and heard further that if plaintiff was off task for an additional 15% of the day, it would not make a difference. While it is a closer call than some cases, the Court finds that substantial evidence supports the ALJ's finding that plaintiff was not disabled at step five.

Accordingly, it is hereby

**ORDERED**:

1.	Plaintiff's objections to the Report and Recommendation (Doc. 21 and 26) are **OVERRULED**, and the Report and Recommendation (Doc. 20, as clarified, Doc. 24) of the Magistrate Judge is **ADOPTED** as the opinion of the Court, with the further clarification provided above.

2. Pursuant to sentence four of 42 U.S.C §§ 405(g) and 1383(c)(3), the decision of the Commissioner is **AFFIRMED**.

3. The Clerk is hereby directed to enter judgment accordingly and to **close** the file.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of March, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
copies:

Honorable Joel B. Toomey
United States Magistrate Judge

counsel of record